No. 22.—Job Rogers, plaintiff in error, *vs.* Wm. A. Fort *et al.* defendants.

[1.] Whenever an executor commits a breach of trust, and another person takes advantage of the *devastavit,* knowing that the executor is not proceeding according to the terms of the will, such complicity will authorize those interested in the estate to hold the purchaser liable.

In Equity, in Floyd Superior Court. Decision on demurrer, by Judge Trippe.

This was a bill filed by the heirs and legatees of Zachariah B. Hargreves, setting forth, that in 1839, said Hargroves had sold to Job Rogers a large estate in Cass County, for the sum of 36.000 dollars. The sale was consummated, and Rogers took possession of the estate, giving Hargroves four promissory notes for the aggregate sum above stated. Shortly afterwards, Hargroves died, leaving his widow, Malinda Hargroves, executrix, and James M. Spullock executor, of his last will and testament.

Said will commenced in the following words (after naming his executors): "I have confided to them all the authority which I, by law, possessed over the control of my own property; they are authorized to make all contracts; to execute all instruments in writing, in fulfilment thereof, which my estate may seem to require."

In another item were the following words: "Having sold

Rogers *vs.* Fort *et al.*

to Job Rogers real estate to a considerable amount, it is my desire that as much indulgence be extended to him in the payment therefor, as may be considered for the interest of my estate."

The bill went on to charge, that Rogers being related by marriage to Mrs. Hargroves, partly by his influence over her and partly by threats, that he would sell his property and leave the State, and thereby defeat the collection of said debt against him, in fraud of the rights of the creditors and legatees, induced the said executors to rescind the sale of said land, which had much declined in value in the meantime, and to give him, moreover, the sum of six thousand dollars to rescind it.    The executors afterwards sold the estate for 10.000 dollars.

The bill further charged, that the executor and executrix were both insolvent, and prayed that Rogers might be decreed to account for the amount of said notes, (less the amount for which the estate had been sebsequently sold,) with interest; and also for said sum of six thousand dollars, which he had received for rescinding said sale.

The bill was demurred to for want of Equity, and also because said executor and executrix were not made parties.

The Court ordered that the bill be amended, by making them parties defendant, and over-ruled the demurrer for want of equity.

To which decision, over-ruling the demurrer, the defendant excepts.

UNDERWOOD, represented by HULL, for plaintiff in error.

WRIGHT, for defendants.

*By the Court.*—STARNES, J. delivering the opinion.

We are of opinion that the allegations of this bill do not constitute a charge of legal fraud against Job Rogers, or of

duress practiced by him, in operating on the affections of his sister-in-law, Mrs. Hargroves, or the fears of Mr. Spullock.

For myself, I have experienced some difficulty in agreeing that the charges of this bill clearly enough set forth such acts as make Rogers responsible for a *devastavit*, by the executors. And as the case goes back, I would suggest that these charges be made more distinct, by amendment, if the facts authorize it. But my brethren are clearly of the opinion, that these allegations show, that by reason of the influences practiced by Rogers on the executor and executrix, they did what they had no right to do; what was not for the best interest of the estate; and therefore, that which they did amounted to a *devastavit*. It is thought that the charges of the bill show a complicity on the part of Rogers, with the acts of Spullock and Mrs. Hargroves, or a taking advantage of those acts, knowing that they were wrong.

Whenever an executor commits a breach of trust, and another person takes advantage of the *devastavit*, knowing that the executor is not proceeding according to the terms of the will, such complicity will authorize those interested in the estate to hold the purchaser liable. (*McLeod vs. Drummond*, 14 *Ves.* 355; *Andrews vs. Wrigley*, 4 *Bro. Ch. R.* 125; *Keane vs. Roberts*, 4 *Madd.* 357; *Ram. on Assets*, *Ch.* 37, §4, *pp.* 491, 492; *Adair vs. Shaw*, 1 *Sch. & L.* 261; 1 *Story's Eq.* 580, 581.)

Judgment affirmed.